UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-07365-MRA-AJR | Date | November 21, 2025 |
|---|---|---|---|
| Title | *Diane Gaskin Jordan v. SF Markets, LLC, et al.* | | |

| Present: The Honorable | MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE |
|---|---|

| Melissa H. Kunig | None Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER DISMISSING CASE FOR FAILURE TO COMPLY WITH THE COURT'S ORDERS AND ORDERING PLAINTIFF'S AND DEFENDANT'S COUNSEL TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED**

On November 11, 2024, the Court issued a Civil Trial Order ("CTO") and entered a pretrial schedule, setting the Final Pretrial Conference ("FPTC") for November 17, 2025, at 3:00 p.m. ECF 15. The CTO provides that if a settlement is reached, it "shall be reported *immediately* to this Court[.]" *Id.* at 8 (emphasis added). The Local Rules require the same. *See* L.R. 16-15.7 (requiring counsel to notify the trial judge's courtroom deputy clerk "immediately" and "timely memorialize" the terms of the settlement); L.R. 40-2 (requiring counsel to inform the court clerk "immediately by telephone or other expeditious means when a case set for trial or other proceedings has settled"). Failure to comply with the notice of settlement requirement is sanctionable. L.R. 40-3.

In the 12 months since the pretrial schedule was entered, there was no docket activity in this case. The parties did not request any modifications of the pretrial schedule, file a notice of settlement or stipulation of dismissal, or move for any relief. The discovery cut-off dates and hearing motions deadlines came and went. On November 3, 2025, after the parties failed to file any trial filings by the October 20, 2025, deadline, the Court's Courtroom Deputy emailed counsel requesting that they promptly advise the Court on the status of this case. That same day, Plaintiff's counsel advised that the case had settled *several months prior* on May 29, 2025, and acknowledged that the case should have been dismissed.

Despite providing late notice of the settlement, the parties did not promptly dismiss this action on their own. Instead, on November 7, 2025, the Court had to order Plaintiff to file a notice of settlement. ECF 17. Plaintiff proceeded to file a deficient Notice of Voluntary Dismissal. ECF 18. The Court advised that the Notice of Voluntary Dismissal did not comply with Federal Rule of Civil Procedure 41 and ordered Plaintiff to file a stipulation of dismissal no

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-07365-MRA-AJR | Date | November 21, 2025 |
|---|---|---|---|
| Title | *Diane Gaskin Jordan v. SF Markets, LLC, et al.* | | |

later than November 14, 2025.  ECF 19.  No stipulation of dismissal was filed, resulting in the Court *sua sponte* vacating the FPTC and again ordering Plaintiff to file a stipulation of dismissal immediately and no later than November 17, 2025.  ECF 20.  Once again, no stipulation of dismissal was filed.

The Court, having weighed the factors governing *sua sponte* dismissal, **DISMISSES** this action with prejudice for failure to comply with the Court's orders and lack of prosecution.  *Link v. Wabash R. Co.*, 370 U.S. 626, 631 (1962) (explaining that district courts have inherent authority to dismiss an action for failure to comply with the court's orders and for lack of prosecution); *see also Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (setting forth the factors for *sua sponte* dismissal).

Counsel's failure to timely inform the Court of the parties' settlement in accordance with the Local Rules and the Court's CTO—and their continued failure to take appropriate action to dismiss this case and remedy their error—has needlessly wasted the Court's limited time and resources.  Accordingly, Plaintiff's counsel and Defendant's counsel are **ORDERED TO SHOW CAUSE** in writing no later than **five (5) days** from the date of this Order why sanctions should not be imposed in the amount of **$500** each.  Failure to file a timely result shall result in the imposition of sanctions.

**IT IS SO ORDERED.**

|  | - : - |
|---|---|
| Initials of Deputy Clerk | mku |